**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Pedro Pichardo FUENTES,
Defendant–Appellant.**

**No. 90–50033.**

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 2, 1990.*

Decided Feb. 15, 1991.

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth

Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Lynn H. Ball, San Diego, Cal., for defendant-appellant.

Shane P. Harrigan, Asst. U.S. Atty., San Diego, Cal., for plaintiff-appellee.

Before WALLACE, Chief Judge, POOLE, Circuit Judge, and EZRA,** District Judge.

PER CURIAM:

Fuentes pled guilty to conspiracy to possess approximately 4.6 kilograms of methamphetamine with the intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 846. The district court departed downward from the sentencing guideline range and sentenced Fuentes to 10 years in custody and 5 years of supervised release. Fuentes now challenges his sentence, arguing that the judge incorrectly applied the Sentencing Guidelines, and that the Sentencing Guidelines violate due process. The district court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291. We affirm.

I

 Fuentes argues that the judge erred by refusing to grant a two-level reduction for acceptance of responsibility, and incorrectly calculating his criminal history. However, even if the district court had applied the Sentencing Guidelines as Fuentes contends it should have, the applicable sentencing range based on a reduced offense level of 30 and a criminal history category of III, would have been 121 to 151 months. Here, the judge sentenced

** Honorable David A. Ezra, United States District Judge, District of Hawaii, sitting by designation.

Fuentes to the statutory minimum of 120 months, a term below that guideline range. Therefore, the disputes raised by Fuentes would not impact the sentence and need not be addressed here. *See United States v. Munster–Ramirez*, 888 F.2d 1267, 1273 (9th Cir.1989) (court should not rule on Sentencing Guidelines dispute where resolution would not change the sentence), *cert. denied,* —— U.S. ——, 110 S.Ct. 1951, 109 L.Ed.2d 313 (1990).

■ Insofar as Fuentes seeks review of the extent of the district court's downward departure or the court's failure to depart below the statutory minimum, these issues are not reviewable. *United States v. Vizcarra–Angulo,* 904 F.2d 22, 23 (9th Cir. 1990); *United States v. Morales,* 898 F.2d 99, 103 (9th Cir.1990).

## II

■ Fuentes also contends that the Sentencing Guidelines violate substantive and procedural due process, because they place too much authority in the hands of the prosecutor. The constitutionality of the Sentencing Guidelines is a question of law which we review de novo. *See United States v. Brady,* 895 F.2d 538, 539 (9th Cir.1990).

We have previously rejected the argument that the Sentencing Guidelines violate due process by limiting the discretion of the district judge. *Id.* at 544. Fuentes raises a related challenge here—he argues that the Sentencing Guidelines unconstitutionally transfer sentencing authority from the judge to the prosecutor.

In *United States v. Thomas,* 884 F.2d 540 (10th Cir.1989), the Tenth Circuit held that the Sentencing Guidelines do not violate due process by permitting prosecutors to influence the sentencing process. The court stated that

> [t]his argument merely restates the claim of a right to a discretionary assessment of an appropriate sentence, which we have already rejected.
>
> ... Further, the Supreme Court has recognized that the prosecutor has broad discretion to determine what charges to bring. When the evidence against a defendant will support conviction under more than one statute, ... "[t]he prosecutor may be influenced by the penalties available upon conviction, but this fact, standing alone, does not give rise to a violation of the equal protection or due process clause."

*Id.* at 544 (citation omitted); *accord United States v. Nischwitz,* 900 F.2d 139, 140 (8th Cir.1990) (rejects claim that Sentencing Guidelines are unconstitutional because "prosecutor may manipulate the charges to obtain the sentence he seeks").

We agree with the Tenth Circuit and adopt its analysis. The Sentencing Guidelines do not unconstitutionally enlarge the prosecutor's influence over sentencing.

AFFIRMED.