958 F.2d 379
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jesus Ramon MARTINEZ-VILLA, Defendant-Appellant.
 No. 91-10263.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 12, 1992.*
Decided March 19, 1992.
 
 Before SCHROEDER, REINHARDT and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 This is an appeal from a guideline sentencing, on the ground that the judge incorrectly enhanced the defendant's sentence two levels for conduct of which he had been acquitted. We determine that the judge did not enhance the sentence by two levels, and affirm.
 
 
 3
 Martinez-Villa was convicted of possessing 123 pounds of marijuana with intent to distribute, but acquitted of using or carrying a firearm in relation to this drug offense. The main issue at trial, on which issue the jury acquitted, was whether Martinez-Villa knew that there was a gun under the driver's seat of the car in which he was found.
 
 
 4
 Sentencing was before a different judge, not the judge who presided at trial. The presentence report recommended a two level reduction for acceptance of responsibility, another two level reduction for minor role in the offense, and a two level increase because of possession of a gun. Under U.S.S.G. § 2D1.1(b)(1), the drug offense level is increased by two "[i]f a dangerous weapon (including a firearm) was possessed." The defendant objected to this enhancement on the ground that United States v. Brady, 928 F.2d 844, 850 (9th Cir.1991), bars enhancement of a sentence "based on a factual finding by the district court that effectively overrules the jury's verdict." Defendant is correct that Brady does not permit the district court to enhance a sentence "by making a finding of fact--under any standard of proof--that the jury has necessarily rejected by its judgment of acquittal." Id. at 851.
 
 
 5
 At the sentencing hearing, the judge stated that he was rejecting the defendant's challenge, and enhancing the sentence by two levels, because of possession of the firearm. That would appear to constitute error, unless the kind of connection with a weapon needed for the guideline enhancement could be distinguished from the connection needed for the criminal charge under 18 U.S.C. § 924(c), a doubtful proposition in the factual circumstances of this case. Either Martinez-Villa knew he had a gun under the seat, in which case he would probably be guilty of the § 924(c) crime and also liable for the enhancement, or he did not, in which case he would be not guilty and not liable.
 
 
 6
 In this case, though, the sentencing judge corrected any error. He said from the bench that he was ruling against the defendant's challenge and accepting the probation officer's recommendation of a two level enhancement for possession of a weapon. But then when he calculated the sentence and executed the judgment, the judge did not apply the enhancement. At worst, the judge said he was going to compute the sentence in a manner which would be erroneous, but then did not make the error his oral ruling suggested.
 
 
 7
 The judge's analysis is set out in his "Statement of Reasons for Imposing Sentence," a computation sheet used by district judges to compute guidelines sentences. The computation sheet shows two findings, that the defendant was entitled to a two level reduction for acceptance of responsibility, and that the defendant was entitled to another two level reduction for having a minor role in the offense. The judge then struck 20 as the applicable offense level and wrote in 16, based upon the two reductions of two levels each. Then the judge apparently put a handwritten slash through the applicable range from 33 to 41 months, based on an offense level of 20, and wrote in 21 to 27 months, based on an offense level of 16. Then he wrote in a sentence on the computation sheet of 21 months, the bottom of the guideline range, and carried this over to the judgment.
 
 
 8
 There was no motion for a downward departure, no apparent consideration of a departure by the sentencing judge, and no reason apparent on the record for a departure. The judge imposed a correct guideline sentence, even though his remarks prior to sentencing suggested that he was about to impose an incorrect sentence based on an additional two levels. He sentenced at the bottom of the range based on level 16 rather than 18, so his remark suggesting that he was about to sentence based on an offense level of 18 was entirely without practical effect, and a ruling that the judge erred in his initial oral ruling would not change the sentence. Since a ruling would not change the sentence, a ruling upon whether U.S.S.G. § 2D1.1(b)(1) allows for enhancement in the face of an acquittal under 18 U.S.C. § 924(c) would be advisory, so the question need not be addressed. United States v. Fuentes, 925 F.2d 1191, 1193 (1991).
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3