962 F.2d 15
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Marvin MAXEY, Defendant-Appellant.
 No. 90-10635.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 30, 1992.*
Decided April 23, 1992.
 
 Before KILKENNY, GOODWIN and FERGUSON, Circuit Judges.
 MEMORANDUM**
 Marvin Maxey appeals his conviction and sentence as a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Maxey contends: (1) the evidence was insufficient to support his conviction; and (2) the district court erred by increasing his offense level for obstruction of justice pursuant to United States Sentencing Guidelines § 3C1.1. We affirm.
 
 I. EVIDENCE
 
 1
 The government presented abundant evidence through arresting officers to prove that Maxey constructively possessed the firearm found under his car seat after he exited the vehicle. United States v. Shirley, 884 F.2d 1130, 1134 (9th Cir.1989); United States v. Castillo, 866 F.2d 1071, 1086-88 (9th Cir.1988).
 
 II. OBSTRUCTION OF JUSTICE
 
 2
 Maxey argues that the district court erred by increasing his offense level for obstruction of justice pursuant to U.S.S.G. § 3C1.1 of the United States Sentencing Guidelines and failed to comply with Fed.R.Crim.P. 32(c)(3)(D) when making that determination. We decline to address this argument.
 
 
 3
 Under Rule 32(c)(3)(D), the district court has two options available for addressing controverted statements in the presentence report (PSR). "The court can make either '(i) a finding as to the allegation, or (ii) a determination that no such finding is necessary because the matter controverted will not be taken into account in sentencing.' " United States v. Helmy, 951 F.2d 988, 998 (9th Cir.1992) (quoting Fed.R.Crim.P. 32(c)(3)(D)); accord United States v. Fernandez-Angulo, 897 F.2d 1514, 1516 (9th Cir.1990) (en banc).
 
 
 4
 Here, at sentencing, Maxey argued that pushing a rifle under the back seat of the Cadillac in which he was riding and inciting bystanders in an attempt to escape arrest were not proper grounds for an obstruction enhancement.[1] The applicable guideline range included "27 months" as an option with or without the obstruction enhancement. The district judge stated: "Now, I'm going to sentence you to a term of some 27 months. And I'll tell you for the record that even if I hadn't found obstruction, I would still have sentenced you to 27 months".
 
 
 5
 The district's court's finding was adequate and complied with the requirements of Rule 32(c)(3)(D). See Helmy, 951 F.2d at 998. The court thus made a sufficient finding as to each allegation. See id. Because the district judge would have imposed the same sentence on Maxey regardless of his determination on the obstruction enhancement, any resolution of this issue by this court would be purely advisory. See United States v. Cooper, 912 F.2d 344, 348 (9th Cir.1990) (declining to address the merits of alleged error in applying obstruction enhancement where sentencing court stated that the sentence would have been identical without the enhancement); see also United States v. Fuentes, 925 F.2d 1191, 1193 (9th Cir.1991) (declining to address the merits of alleged error in Sentencing Guidelines dispute where resolution would not have changed the sentence).
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 On appeal, Maxey argues that the facts in the PSR were inaccurate. We decline to address this claims as Maxey waived it by failing to raise it at sentencing. "As a general rule, [this court] will not consider an issue raised for the first time on appeal...." Fry v. Melaragno, 939 F.2d 832, 835 (9th Cir.1991)