961 F.2d 217
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Damon Ray HYMER, Defendant-Appellant.
 No. 91-30236.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 20, 1992.*
Decided April 24, 1992.
 
 Before FARRIS, O'SCANNLAIN and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Damon Ray Hymer appeals his sentence under the Sentencing Guidelines imposed following his guilty plea to manufacturing marijuana, in violation of 21 U.S.C. § 841(a)(1). He contends that the Guidelines' treatment of each marijuana plant as the equivalent of one kilogram of marijuana violates due process and equal protection. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 BACKGROUND
 
 3
 Hymer pleaded guilty to knowingly and intentionally manufacturing marijuana, in violation of 21 U.S.C. § 841(a)(1). The presentence report calculated his adjusted offense level at 24, with a Guidelines range of 51 to 63 months. The government sought a downward departure pursuant to U.S.S.G. § 5K1.1 due to Hymer's substantial assistance to authorities. Hymer filed a motion to correct the offense level computation on the ground that the part of U.S.S.G. § 2D1.1 equating one marijuana plant with one kilogram of marijuana violates due process and equal protection. Following a sentencing hearing, the district court rejected Hymer's constitutional challenge to section 2D1.1 but departed downward to 24 months imprisonment on the basis of Hymer's substantial assistance to authorities.
 
 STANDARD OF REVIEW
 
 4
 "The constitutionality of the Sentencing Guidelines is a question of law which we review de novo." United States v. Fuentes, 925 F.2d 1191, 1193 (9th Cir.1991).
 
 DISCUSSION
 I. Due Process
 
 5
 Hymer contends that the Guidelines' treatment of each marijuana plant as the equivalent of one kilgram of marijuana violates due process because it has no rational basis; constitutes an impermissible irrebuttable presumption; is demonstrably flase; and violates the fundamental fairness doctrine of reciprocity by abandoning the plant-kilogram equation and sentencing on the basis of the actual weight of the plant where its weight exceeds one kilogram.
 
 
 6
 These arguments are foreclosed by our recent decision in United States v. Belden, No. 91-30022, slip op. 1705, 1710-13 (9th Cir. February 20, 1992), in which we upheld the plant-kilogram equation against a due process challenge. We found that the equation "does not purport accurately to translate the amount of marijuana harvestable from a given plant." Id. at 1712. Instead, its "rationality lies in its recognition of a higher level of culpability for marijuana growers compared to those who merely possess the product." Id. The abandonment of the equation where its application would result in a lesser sentence similarly reflects the "higher level of culpability for marijuana growers." Id. at 1712.
 
 II. Equal Protection
 
 7
 Hymer also contends that the plant-kilogram equation violates equal protection by providing for disparate treatment of offenders without a rational basis. Hymer's equal protection argument essentially duplicates his due process argument. See generally Chapman v. United States, 111 S.Ct. 1919, 1923 (1991) (equal protection challenge to sentencing scheme duplicated due process argument that sentencing scheme was arbitrary). Because the equation has a rational basis in its recognition of the heightened culpability of marijuana growers regardless of the amount of marijuana harvestable from a given plant, Belden, slip op. at 1712-13, it does not violate equal protection.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Circuit R. 36-3