963 F.2d 380
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jose HUITRON, Defendant-Appellant.
 No. 91-50175.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 4, 1992.*
Decided May 13, 1992.
 
 Before TANG, SCHROEDER and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jose Huitron appeals his conviction by jury verdict and his sentence for the following crimes: one count of conspiracy to possess cocaine with intent to distribute and distribution of cocaine, in violation of 21 U.S.C. § 846; eleven counts of possession of cocaine with intent to distribute or distribution of cocaine, in violation of 21 U.S.C. § 841(a)(1); and one count of unlawful use of a communications facility, in violation of 21 U.S.C. § 843(b).
 
 
 3
 Huitron challenges the sufficiency of the evidence supporting his convictions. He also contends the district court should have made a downward adjustment in his offense level based on his minor role in the offenses. We affirm.
 
 I. Sufficiency of the Evidence
 A. Conspiracy
 
 4
 Huitron concedes the existence of the conspiracy charged in this case. "Once the existence of a conspiracy is established, evidence establishing beyond a reasonable doubt a connection of a defendant with the conspiracy, even though the connection is slight, is sufficient to convict him with knowing participation in the conspiracy." United States v. Dunn, 564 F.2d 348, 357 (9th Cir.1977) (emphasis omitted); accord United States v. Berberian, 851 F.2d 236, 238 (9th Cir.1988), cert. denied, 489 U.S. 1096 (1989).
 
 
 5
 The government points to several pieces of evidence showing Huitron's connection to the conspiracy. Most convincing is the testimony regarding taped telephone conversations in which Huitron directed an investigation into the disappearance of a large amount of cocaine hidden by coconspirators. Also persuasive is testimony concerning Huitron's efforts to inform his brothers of police surveillance. Viewing this evidence in the light most favorable to the government, we find no plain error in the district court's decision submitting the conspiracy charge against Huitron to the jury. See United States v. Mora, 876 F.2d 76, 77 (9th Cir.1989) (applying plain error standard); United States v. Calabrese, 825 F.2d 1342, 1348 (9th Cir.1987) (assessing sufficiency of evidence viewed in light most favorable to government).
 
 B. Violations of 21 U.S.C. § 841(a)
 
 6
 As a proven member of the charged conspiracy, Huitron was liable for the criminal acts committed by others in furtherance of the conspiracy. United States v. Arbelaez, 719 F.2d 1453, 1459 (9th Cir.1983), cert. denied, 467 U.S. 1255 (1984). Huitron does not dispute that there was sufficient evidence on which to convict his coconspirators for the eleven charged violations of 21 U.S.C. § 841(a)(1), nor does he contend that these violations were neither in furtherance of, nor otherwise reasonably foreseeable from, the conspiracy. Accordingly, we find no plain error in the district court's decision submitting the section 841(a)(1) charges against Huitron to the jury.
 
 
 7
 C. Unlawful Use of a Communications Facility
 
 
 8
 To establish a violation of 21 U.S.C. § 843(b), the government must show knowing and intentional use of a communications facility such as a telephone to facilitate the commission of a narcotics offense. United States v. Davis, Nos. 89-50335, etc., slip op. 3237, 3252, 1992 WL 59824, at * 16 (9th Cir. March 31, 1992). Huitron's use of a telephone to inform his coconspirators of police surveillance and to direct the investigation of the missing cocaine indicates there was no plain error in the district court's decision submitting the section 843(b) charge against Huitron to the jury. See also United States v. Smith, 924 F.2d 889, 893-94 (9th Cir.1991).
 
 II. Sentencing
 
 9
 Huitron also contends the district court erred in not reducing his offense level for his minor participation in the offenses pursuant to United States Sentencing Guideline § 3B1.2. Under the district court's calculations, the range of incarceration recommended for Huitron by the Guidelines was 77 to 96 months, based on an offense level of 24 and a criminal history of IV. If the district court had applied the Sentencing Guidelines as Huitron contends it should have, Huitron's offense level would have been lowered to 22, and the recommended range would have been 63-78 months. See U.S.S.G. ch. 5, pt. A (Sentencing Table).
 
 
 10
 In sentencing Huitron to the statutory minimum of 60 months, the district court imposed a sentence below the Guideline range that Huitron seeks to have applied to his case. Therefore, the dispute raised by Huitron would not impact his sentence and need not be addressed here. See United States v. Fuentes, 925 F.2d 1191, 1192-93 (9th Cir.1991).
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3