57 F.3d 1078
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Roger PLATA, Jr., Defendant-Appellant.
 No. 94-50267.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 5, 1995.*
Decided June 9, 1995.
 
 Before: PREGERSON, POOLE, and D.W. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 OVERVIEW
 
 2
 Appellant Roger Plata, Jr. was convicted under 21 U.S.C. Sec. 841(a)(1) for manufacturing marijuana and was sentenced to 135 months plus five years of supervised release. Plata appeals his sentence, claiming: (1) the government violated his right to due process by destroying the seized marijuana, thereby leaving him no comparable method to determine the number of plants at sentencing; (2) the application of the Sentencing Guideline drug ratio that treats each marijuana plant as equal to one kilogram of marijuana violated his right to due process because it creates a disparity in sentencing between growers and possessors; and (3) the district court erred in enhancing his sentence because of his leadership role in the offense. We have jurisdiction under 28 U.S.C. Sec. 1291 and 18 U.S.C. Sec. 3742. We affirm.
 
 I. DESTRUCTION OF EVIDENCE
 
 3
 Plata claims that the government violated his right to due process by destroying the seized marijuana plants before he could verify the count. However, Plata essentially substantiated the government's 2,763 plant count by estimating the crop to be between 1,600 and 2,200. Under the Sentencing Guidelines, the base offense level would be the same (32) if the number of plants fell between 1,000 and 3,000. See USSG Sec. 2D1.1(c)(6). Since the resolution of the alleged error would not impact the sentence, we need not address Plata's due process claim regarding the destruction of evidence. See, e.g., United States v. Fuentes, 925 F.2d 1191, 1193 (9th Cir.1991) (per curiam); United States v. Cooper, 912 F.2d 344, 348 (9th Cir.1990).
 
 
 4
 II. THE DRUG EQUIVALENCY RATIO OF THE SENTENCING GUIDELINES
 
 
 5
 This court reviews the legality of a sentence de novo. United States v. Guzman-Bruno, 27 F.3d 420, 422 (9th Cir.), cert. denied, 115 S.Ct. 451 (1994). Plata was sentenced according to USSG Sec. 2D1.1(a)(3)(c), which states that "[i]n the case of an offense involving marihuana plants, if the offense involved [ ] 50 or more marihuana plants, treat each plant as equivalent to 1 KG of marihuana ..." Plata contends that this formula violates due process because it creates a disparity in sentencing between marijuana growers and possessors. However, this court has previously considered and definitely rejected Plata's constitutional challenges to this provision, finding the formula rationally related to the legitimate objective of deterring criminal activity by punishing more severely those at the top of the distribution chain. See Belden, 957 F.2d at 676; United States v. Jordan, 964 F.2d 944, 947 (9th Cir.), cert. denied, 113 S.Ct. 478 (1992). We therefore reject Plata's due process challenge to the Sentencing Guidelines' marijuana ratio.
 
 III. PLATA'S LEADERSHIP ROLE
 
 6
 This court reviews for clear error any factual finding that underlies the district court's sentencing decision, including whether the defendant was "an organizer, leader, manager, or supervisor" of the offense. Monroe, 943 F.2d at 1019. The facts of the case clearly establish that Plata was a supervisor over co-defendant Keith Darnell.
 
 
 7
 First, Plata admitted to his probation officer that he recruited Darnell to assist him in the cultivation of marijuana under his direction. This admission was corroborated by Darnell, who explained in an interview with DEA agents that Plata had been trying to grow marijuana long before Darnell began to help. See United States v. Koenig, 952 F.2d 267, 274 (9th Cir.1991).
 
 
 8
 Furthermore, Plata exercised significant control over the assets of the marijuana cultivation. A defendant may be considered to be a leader or a supervisor if he exercised management responsibility over the property, assets, or activities of a criminal organization. See United States v. Castro, 972 F.2d 1107, 1113 (9th Cir.1992), cert. denied, 113 S.Ct. 1350 (1993). While Plata admitted that he had expected a $200,000 to $300,000 profit from the marijuana cultivation, he paid Darnell only $28,430. The gross disparity between Darnell's income and Plata's expected profit indicates that Plata was a supervisor and that Darnell was only a hired hand in the operation. Id. Accordingly, we hold that the district court did not commit clear error in finding that Plata was a leader in the offense.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3