UNITED STATES of America,
Plaintiff–Appellee,

v.

Robert Allen MAKOWSKI,
Defendant–Appellant.

No. 96–50570.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 3, 1997.

Decided Aug. 6, 1997.

Brian A. Newman, Culver City, CA, for plaintiff–appellant.

Richard E. Drooyan, Chief Assistant U.S. Attorney, Department of Justice, Los Angeles, CA, for defendant–appellee.

Before: SCHROEDER, BRUNETTI and O'SCANNLAIN, Circuit Judges

BRUNETTI, Circuit Judge:

Appellant Robert Allen Makowski was convicted following a bench trial of a racially motivated assault in violation of 18 U.S.C. § 245(b)(2)(B). Appellant challenges his conviction on three grounds. First, he argues that 18 U.S.C. § 245(b)(2)(B) is void for vagueness. Next, he argues that insufficient evidence supported the district court's conclusion that Appellant harbored the specific intent to assault the victim due to his ethnic background. Finally, he argues that the district court erred in denying his request to depart downward from the sentencing guidelines. We affirm the district court, holding that § 245(b)(2)(B) is not void for vagueness and that sufficient evidence supported the district court's conclusion that Appellant harbored the specific intent to assault the victim due to his ethnic background. We are without jurisdiction to review the district court's discretionary decision not to depart from the sentencing guidelines.

### I.

On March 16, 1995, Felix Milward and his wife and daughter went to Panorama Park, a

public park in Cathedral City, California. Milward was born in Mexico and is Hispanic. While at the park, Milward began to jog on a jogging path. While he was jogging, three boys on bicycles, one of whom was the son of Appellant, raced by him on the path, almost running him over. On Milward's next lap, the boys almost ran him over again. Milward shouted after the boys to "stay away from the track field" or that he would "kick his ass" if they hit him. Appellant's son then went home and told Appellant what had transpired at the park. Appellant then drove to the park at a high rate of speed. He was accompanied by his son and appeared enraged. Upon reaching the park, Appellant exited his car and walked quickly toward the playground where Milward was watching his daughter.

When Appellant reached the playground, he approached Milward and began to attack him while swearing and using racial epithets. Appellant called Milward a "Goddamned Mexican" and a "wetback" and angrily stated that "[M]ilward should go back to [his] country." Appellant also yelled that "white men were there first" and that "this was a white man's park." During the assault, Appellant punched Milward on the left side on his head, cutting him above his left eye. Appellant also put both his hands around Milward's neck and choked him. Appellant continued throughout the attack to swear and use racial epithets. One witness recalled that Appellant yelled "I'll kill you right here you fucking Mexican" and "no stinking Mexican tells my kids what to do."

A soccer game at an adjacent field stopped as a result of the assault and the yelling. When several players came over to see what was going on, Appellant swore at them, using racial epithets and challenging them to fight. Appellant yelled that the "park belonged to the white man" and that the "white man has been there a lot longer than the Mexicans." Eventually, Appellant left the park with his son. As he was leaving the park, Appellant continued to utter racial epithets about "Fucking Mexicans, wetbacks, can't even use the park."

On January 4, 1996, a federal grand jury returned a one count indictment against Appellant charging him with willfully injuring, intimidating and interfering with the victim by force because of the victim's race and national origin and because he was using a public facility administered by California in violation of 18 U.S.C. § 245(b)(2)(B). Appellant was convicted following a bench trial and sentenced to twelve months in prison, to be followed by three years of supervised release and ordered to pay a special assessment of $50.

**II.**

Appellant challenges his conviction on the ground that § 245(b)(2)(B) is unconstitutionally void for vagueness. 18 U.S.C. § 245(b) provides that:

Whoever, whether or not acting under color of law, by force or threat of force willfully injures, intimidates or interferes with, or attempts to injure, intimidate or interfere with -

(2) any person because of his race, color, religion or national origin and because he is or has been -

(B) participating in or enjoying any benefit, service, privilege, program, facility or activity provided or administered by any State or subdivision thereof;

shall be fined under this title, or imprisoned not more than one year or both; and if bodily injury results from the acts committed in violation of this section ... shall be fined under this title or imprisoned not more than ten years, or both ...

18 U.S.C. § 245(b). Thus, § 245(b)(2)(B) punishes violent conduct motivated by racial animus.

A law is void for vagueness "if it is impermissibly vague in all of its applications." *Village of Hoffman Estates v. Flipside Hoffman Estates, Inc.*, 455 U.S. 489, 497, 102 S.Ct. 1186, 1193, 71 L.Ed.2d 362 (1982). "A statute is void for vagueness when it does not sufficiently identify the conduct that is prohibited. Thus, the Fifth Amendment due process clause requires a statute to be sufficiently clear so as not to cause persons 'of common intelligence ... necessarily [to] guess at its meaning and 'to differ as to its application.' '" *United States*

*v. Wunsch,* 84 F.3d 1110, 1119 (9th Cir.1995), citing *Connally v. General Const. Co.,* 269 U.S. 385, 391, 46 S.Ct. 126, 127–28, 70 L.Ed. 322 (1926).

█ Therefore, we must determine whether § 245(b)(2)(B) fails "to give adequate notice to people of ordinary intelligence of what conduct is prohibited, or if it invites arbitrary and discriminatory enforcement." *United States v. Tabacca,* 924 F.2d 906, 912 (9th Cir.1991). In making that determination, we are guided by the principle that "legislation which proscribes the use of force or the threat of force should not be found to be void for vagueness," *United States v. Gilbert,* 813 F.2d 1523, 1530 (9th Cir.1987), and that "a scienter requirement may mitigate a law's vagueness, especially with respect to the adequacy of notice to the complainant that his conduct is proscribed." *Hoffman Estates,* 455 U.S. at 499, 102 S.Ct. at 1193.

█ We reject Appellant's argument that § 245(b)(2)(B) is void for vagueness. The language of § 245(b)(2)(B) leaves little doubt that a defendant will be convicted under § 245(b)(2)(B) only where he has the specific intent to interfere with a victim's enjoyment of a federally protected right on the basis of the victim's race. Section 245(b)(2)(B) prohibits the use of force or threats of force to injure, intimidate, or interfere with another person because of that person's race and because that person is enjoying the use of a public facility. Persons of "common intelligence" would comprehend that the statute prohibits the assault of an individual where the violence is motivated by racial animus and prevents the victim from enjoying a federally protected right.

█ Appellant argues that the statute is vague because persons of common intelligence are unable to determine whether the mere use of racial epithets during an altercation would subject the assaulter to punishment under the statute. This argument ignores the fact that § 245(b)(2)(B) requires proof of the specific intent to interfere with a federally protected activity *on the basis of race.* Racial animus must be a motivating factor in the use or threat of force. The statute requires that the violator "willfully injure … any person because of his race, color, religion or national origin …," and therefore would clearly exclude enforcement of the statute in a situation involving the incidental use of racial epithets during an altercation. 18 U.S.C. § 245(b)(2)(B). Any vagueness that might otherwise exist in § 245(b)(2)(B) is eliminated by the "willful" scienter requirement. *See Hoffman Estates,* 455 U.S. at 499, 102 S.Ct. at 1193 ("[A] scienter requirement may mitigate a law's vagueness, especially with respect to the adequacy of notice to the complainant that this conduct is proscribed."); *United States v. Gilbert,* 813 F.2d at 1530 ("[L]egislation which proscribes the use of force or the threat of force should not be found to be void for vagueness.") *See also United States v. McDermott,* 29 F.3d 404, 410 (8th Cir.1994) (rejecting a void for vagueness challenge to § 245(b)(2)(B)); *United States v. Griffin,* 585 F.Supp. 1439 (M.D.N.C.1983) (same). Therefore, we reject Appellant's challenge that § 245(b)(2)(B) is void for vagueness.

### III.

█ Following a bench trial, the district judge's findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses. Fed.R.Civ.P. 52(a); *United States v. Matta–Ballesteros,* 71 F.3d 754, 764 (9th Cir.1995). Appellant argues that there was insufficient evidence presented that he attacked the victim with the specific intent to deprive him of using a public place due to his race. The district court's findings with regard to Appellant's specific intent to attack the victim on the basis of race were extensive. Indeed, the record is replete with references to the court's findings that Appellant assaulted the victim solely because of his race. Thus, Appellant's argument that the district court failed to find beyond a reasonable doubt that Appellant had the specific intent to assault a person on the basis of their ethnic background is without merit. There was sufficient evidence of Appellant's

racial animus for the victim presented at trial to support Appellant's conviction.

### IV.

The district court in this case was clearly aware of its discretion to depart downward and merely declined to do so. A district court's discretionary refusal to depart downward from the sentencing guidelines is not reviewable on appeal. *United States v. Fuentes,* 925 F.2d 1191, 1193 (9th Cir.1991).

AFFIRMED.