**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Edward Elbert WINGENDER,
Defendant-Appellant.**

No. 85–5112.

United States Court of Appeals,
Ninth Circuit.

Decided May 30, 1986.

John Heisner, Asst. U.S. Atty., San Diego, Cal., for plaintiff-appellee.

John S. Moot, Federal Defender, Michael McCabe, San Diego, Cal., Michael S. Meza, Cerritos, Cal., for defendant-appellant.

Before FARRIS, PREGERSON and NORRIS, Circuit Judges.

## ORDER GRANTING PETITION FOR REHEARING

Following the filing of our opinion in *United States v. Bogart,* 783 F.2d 1428 (9th Cir.1986), defendant Wingender petitioned for his case to be reheard under Fed.R.App.P. 40. We grant Wingender's petition for rehearing, vacate our previous order affirming his conviction and awarding costs to the government, and remand the matter to the district court.

In his papers to this court and throughout oral argument, Wingender argued that the government's conduct described in our previous opinion violated his due process rights. In our opinion, we held that, assuming that the alleged governmental conduct occurred, the conduct was targeted at Bogart alone, and that, therefore, Wingender had no standing to raise a constitutional claim based on that conduct. In a petition for rehearing after we had filed our opinion, Wingender argued for the first time on appeal that the government had independently targeted him as well as Bogart. Wingender asserted that government informant LaQuay, acting on Officer Thaxton's instructions, engaged Wingender

in incriminating taped conversations and introduced cocaine into conversations between LaQuay and Wingender. Wingender alleged that the government targeted him because he was an informer for state authorities and, as a result, was the object of a "vendetta" by federal officers against certain state officials. The trial transcript confirms that Wingender properly raised these assertions during the district court hearing on his motion to dismiss for outrageous conduct.

While Wingender has no standing to contest governmental conduct aimed at Bogart, he does have standing to raise governmental conduct of which he was the target. As with Bogart's claims, the district court made no findings of fact in denying Wingender's motion. As in Bogart's case, we are unable adequately to review Wingender's claims as to the motivation of government officers in the absence of findings of fact. We must, therefore, also reverse Wingender's conviction and remand his case to the district court for findings of fact and conclusions of law consistent with the legal principles we outlined in our previous opinion.

We invited the government to respond to Wingender's petition for rehearing. The government argued that Wingender's allegations are either false or that the government's conduct at issue was not unconstitutional behavior. This may be so, but it is for the district court, not for us, to first make relevant findings of fact and conclusions of law.

Wingender was remiss in not raising, either in his appeal papers or at oral argument, the claim that he was an independent target of the government's alleged conduct. Nonetheless we consider this argument on Wingender's petition for rehearing to avoid an inconsistent result between two co-defendants making similar claims.

The petition for rehearing is GRANTED and the matter REMANDED to the district court for further proceedings consistent with this order.