886 F.2d 1320
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 UNITED STATES of America, Plaintiff-Appellee,
v.
Diego Patricio RAMIREZ, Defendant-Appellant.
 No. 88-5025.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 15, 1989.
Decided Sept. 29, 1989.
 Before SCHROEDER, BOOCHEVER and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Diego Patricio Ramirez appeals his conviction for possession of cocaine with intent to distribute and conspiracy to possess cocaine with intent to distribute in violation of 21 U.S.C. Secs. 841(a)(1) and 846. Ramirez contends that the evidence introduced at his trial shows that he was entrapped by government agents into committing the offense, and that the government's conduct was so outrageous as to violate his due process rights. Ramirez also contends that he was denied effective assistance of trial counsel. We affirm.
 
 
 3
 In reviewing a challenge to a jury verdict based on insufficiency of the evidence to support the verdict, we examine whether the record, viewed in the light most favorable to the government, would permit a reasonable jury to find the defendant guilty. See Jackson v. Virginia, 443 U.S. 307, 319 (1979). Thus, in reviewing Ramirez' claim that the evidence showed that he was entrapped as a matter of law, we must determine whether there was undisputed testimony making it patently clear that an otherwise innocent person was induced to commit a crime by the trickery, persuasion, or fraud of a government agent. See United States v. Hsieh Hui Mei Chen, 754 F.2d 817, 821 (9th Cir.), cert. denied, 471 U.S. 1139 (1985).
 
 
 4
 The controlling question on review is whether the defendant lacked the predisposition to commit the crime. Id. "It is only when the government's deception actually implants the criminal design in the mind of the defendant that the defense of entrapment comes into play." United States v. Reynoso-Ulloa, 548 F.2d 1329, 1334-35 (9th Cir.1977) (quoting United States v. Russell, 411 U.S. 423, 436 (1973)), cert. denied, 436 U.S. 926 (1978). To determine whether a defendant had a predisposition to commit a crime, we examine the following factors: (1) the character or reputation of the defendant, including any prior criminal record; (2) whether the suggestion of the criminal activity was initially made by the government; (3) whether the defendant was engaged in the criminal activity for profit; (4) whether the defendant evidenced reluctance to commit the offense, overcome only by repeated government inducement or persuasion; and (5) the nature of the inducement or persuasion supplied by the government. Reynoso-Ulloa, 548 F.2d at 1336.
 
 
 5
 Ramirez' contention that he was reluctant to commit the crime for which he was convicted is supported only by his own testimony. The jury chose to believe instead the testimony of the government agents that Ramirez freely participated in the drug deal, and willingly accepted financial inducement. The judgment of conviction was well supported by the evidence. "An individual 'cannot claim he was entrapped simply because he ... could not resist the substantial sums of money to be made.' " United States v. Stenberg, 803 F.2d 422, 432 (9th Cir.1986) (quoting United States v. Dion, 762 F.2d 674, 689 (8th Cir.1985), rev'd in part, 476 U.S. 734 (1986)). On the contrary, the record shows that appellant repeatedly agreed to obtain large amounts of cocaine for the government agents. Appellant has not shown that he was entrapped by the government as a matter of law.
 
 
 6
 Ramirez also contends, for the first time on appeal, that the outrageous conduct of the government violated his due process rights. Therefore we review for plain error. The government is barred from prosecuting a defendant when the conduct of its agents "is so grossly shocking and so outrageous as to violate the universal sense of justice." United States v. Ramirez, 710 F.2d 535, 539 (9th Cir.1983) (quoting United States v. Ryan, 548 F.2d 782, 789 (9th Cir.1976)), cert. denied, 430 U.S. 965 (1977). Such cases include instances where (1) police have been brutal, employing physical or psychological coercion against the defendant; (2) government agents have engineered and directed a criminal enterprise from start to finish; or (3) government conduct constitutes "in effect, the generation by police of new crimes merely for the sake of pressing criminal charges against the defendant." United States v. Bogart, 783 F.2d 1428, 1435-36 (9th Cir.) (quoting Ramirez, 710 F.2d at 539), vacated on other grounds sub nom. United States v. Wingender, 790 F.2d 802 (9th Cir.1986).
 
 
 7
 Nothing in the record before us shows that the government's conduct was outrageous or "grossly shocking." Ramirez argues that the continuing encouragement by government agents of the defendant to commit the crime constituted outrageous conduct. However, the evidence shows that the government agents did not "manufacture the crime from whole cloth," as Ramirez contends; they simply elicited a willing response by the defendants. Ramirez was an active and willing member of the conspiracy.
 
 
 8
 Ramirez also relies on his own testimony that one of the government informants seduced him, and contends that this constituted outrageous conduct. However, the government agent testified that she did not make any advances toward appellant. This conflict in the testimony of two witnesses can only be resolved by a determination of credibility, a determination best left to the jury. The government's conduct in this case was not so outrageous as to violate due process. United States v. Simpson, 813 F.2d 1462, 1465-68 (9th Cir.) (seduction by government informant not outrageous conduct), cert. denied, 108 S.Ct. 233 (1987).
 
 
 9
 Finally, Ramirez argues that his conviction must be reversed because he was denied the effective assistance of trial counsel in violation of the sixth amendment. Ramirez bases this contention entirely upon trial counsel's decision to object to a request by the jury that the jury be reread its instructions on entrapment, conspiracy, and overt acts.
 
 
 10
 It is a well established principle that, in deciding how to respond to a request by the jury that an instruction or some portion of testimony be reread, the trial court must take care not to give undue emphasis to a particular part of the instructions, or a particular piece of evidence. See, e.g., United States v. Binder, 769 F.2d 595, 600 (9th Cir.1985). While rereading of the instructions to the jury might have helped the appellant, it also might have hurt his case. Trial counsel's judgment that the risks outweighed the benefits was within the range of professionally competent assistance. See Strickland v. Washington, 466 U.S. 668, 687-96 (1984).
 
 
 11
 Finally, we note that a $50 penalty assessment was levied against Ramirez under 18 U.S.C. Sec. 3013. We have recently held this statute unconstitutional, United States v. Munoz-Flores, 863 F.2d 654 (9th Cir.1988), and therefore vacate the $50 assessment. In all other respects, the judgment of the district court is AFFIRMED. Conviction AFFIRMED; sentence VACATED IN PART and AFFIRMED IN PART.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3