UNITED STATES of America,
Plaintiff–Appellee,

v.

Kyung Hwan MUN,
Defendant–Appellant.

No. 90–30214.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 8, 1991.

Decided March 18, 1991.

Paul S. Petterson, Asst. Federal Public Defender, Portland, Or., for defendant-appellant.

Thomas M. Coffin, Asst. U.S. Atty., Eugene, Or., for plaintiff-appellee.

Before BROWNING, WRIGHT, and FARRIS, Circuit Judges.

PER CURIAM:

Tim Lentz insulted appellant Kyung Hwan Mun with racial slurs while the two were in an Oregon bar. A fight ensued. Mun was losing badly. He retrieved a semi-automatic pistol from his car, fired two shots into the air, and pursued Lentz back into the bar. Inside the bar, Mun fired three more shots before he was subdued by other customers. Police later discovered an AK–47 assault rifle in Mun's home.

Mun was charged under 18 U.S.C. § 922(g)(1) with being an ex-felon in possession of two firearms: the automatic pistol used against Lentz and the AK–47. The prior felonies involved the stabbing of a hotel manager and the shooting of Mun's wife. Mun pleaded guilty.

**324**

The base offense level for simple possession of a firearm by an ex-felon is six. Guidelines § 2K2.1(a)(3). However, if the firearm is used in the commission of another offense, the Guidelines instruct the court to apply the base offense level of the underlying offense. Guidelines § 2K2.1(c)(2). Relying upon this provision, the district court applied the base offense level for attempted murder.

 Mun argues that his conviction by the state of Oregon for charges arising out of the same conduct bars the application of section 2K2.1(c)(2). We disagree. The plain language of section 2K2.1(c)(2) makes no reference to such an exception, and we find no indication in the Commentary that such an exception was intended by the Sentencing Commission. It is true that "[t]he firearm statutes often are used as a device to enable the federal court to exercise jurisdiction over offenses that otherwise could be prosecuted only under state law," Guidelines § 2K2.1 Background Commentary ¶ 4; but this does not imply that a successful prosecution by the state bars subsequent sentencing by a federal court for the same conduct.

We also reject Mun's claim that he should have been sentenced for using the firearm in connection with assault, rather than attempted murder. The government must prove facts relevant for sentencing by a preponderance of the evidence. *United States v. Howard*, 894 F.2d 1085, 1090 (9th Cir.1990). In the sentencing context, a preponderance of the evidence is "a sufficient weight of evidence to convince a reasonable person of the probable existence of the enhancing factor." *United States v. Restrepo*, 903 F.2d 648, 654–55, *reh'g en banc granted* 912 F.2d 1568 (9th Cir.1990). Under this standard, the district court could properly conclude Mun intended to kill Tim Lentz. Mun declared his intention to kill Lentz, and then pursued Lentz, firing his gun three times. Mun's claim of an accidental shooting was not credible.

At oral argument, Mun asserted for the first time that the district court made insufficient findings with respect to his intent to kill. Because this issue was not raised in the briefs, we do not address it. *Collins v. City of San Diego*, 841 F.2d 337, 339 (9th Cir.1988).

Mun asserts the district court should have departed downward pursuant to Section 5K2.10 of the Guidelines because of Lentz's wrongful conduct in provoking Mun. We have no jurisdiction to review this claim. *United States v. Morales*, 898 F.2d 99, 102–03 (9th Cir.1990).

AFFIRMED.