953 F.2d 1389
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Patrick PRUDHOMME, Defendant-Appellant.
 No. 91-50236.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 5, 1991.
Decided Jan. 22, 1992.
 
 Before JAMES R. BROWNING, FERGUSON and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Patrick Prudhomme appeals the district court's denial of his motion to dismiss his indictment due to outrageous government conduct, as well as the court's failure to depart below the applicable sentencing guidelines to equalize the sentences of himself and a co-defendant. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 BACKGROUND
 
 3
 Patrick Prudhomme was charged with four counts involving conspiracy to manufacture and possess methamphetamine with intent to distribute, distribution of methamphetamine and aiding and abetting. Prudhomme filed a motion to dismiss on the basis of outrageous government conduct and entered a guilty plea while reserving the right to appeal in the event his motion was denied. The district court denied the motion and sentenced Prudhomme to 168 months in custody.
 
 
 4
 Prudhomme and others were apprehended after purchasing items from a chemical supply company, Triple Neck Scientific ("TNS"), run by a government informant, Cameron Hill ("Hill"). Hill opened TNS in San Diego county and the DEA placed cameras and audio tapes as well as an undercover agent, Charles Potter, in the store. Prudhomme alleges that the government's role in setting up TNS, its control over the operation, its payments to Hill, and advice dispensed by Hill and Potter on making the illegal substance constitute overreaching by the government in violation of his due process rights.
 
 DISCUSSION
 
 5
 Whether the government's conduct is so outrageous as to constitute a violation of due process is a question of law and is reviewed de novo. United States v. Citro, 842 F.2d 1149, 1152 (9th Cir.), cert. denied, 488 U.S. 866 (1988). A successful claim of outrageous conduct requires dismissal of the indictment. United States v. Slaughter, 891 F.2d 691, 695 (9th Cir.1989). Unacceptable and unconstitutional behavior include "police conduct involv[ing] unwarranted physical, or perhaps mental, coercion" as well as those situations "where the crime is fabricated entirely by the police to secure the defendant's conviction rather than to protect the public from the defendant's continuing criminal behavior." United States v. Bogart, 783 F.2d 1428, 1438 (9th Cir.) (emphasis in original) vacated on other grounds sub nom. United States v. Wingender, 790 F.2d 802 (1986).
 
 ISSUE I
 
 6
 The facts of the present case do not support a claim of outrageous government conduct. Unlike the cases where defendants successfully raised the charge of outrageous government conduct, in the present case the government did not direct the criminal enterprise from start to finish. See United States v. Twigg, 588 F.2d 373 (3rd Cir.1978) and Greene v. United States, 454 F.2d 783 (9th Cir.1971). Prudhomme was not lured into a scheme created and run entirely by the government: he was already engaged in illegal activities.
 
 
 7
 Prudhomme claims that the operation facilitated drug production to such an extent that the government's participation offends one's sense of justice in the United States. Hill assumed everything he sold would be used to make methamphetamine. Prudhomme claims that but for TNS, certain items, including the chemical ephedrine, would have been difficult or impossible to obtain. However, there were over 500 other chemical companies in California. See United States v. Russell, 411 U.S. at 423, 432 (1973) (agent's role in supplying a legal but difficult to obtain substance to a criminal enterprise does not violate fundamental fairness).
 
 
 8
 The facts highlighted by Prudhomme are insufficient to prove outrageous government conduct. Hill's store was a legal operation. Despite the extensive involvement of the government agents in TNS, and the assistance TNS rendered methamphetamine manufacturers such as Prudhomme, the fact remains that the government did not create the crime for which Prudhomme pled guilty. Nothing contained in this disposition should in any way be construed as indicating our approval of the type of operation in which the government engaged in this case.
 
 ISSUE II
 
 9
 Prudhomme claims that he is entitled to a sentence commensurate with that of his co-defendant. We have no jurisdiction to review the district court's discretionary decision not to depart downward. United States v. Morales, 898 F.2d 99, 102 (9th Cir.1990). See also United States v. Mun, 928 F.2d 323, 324 (9th Cir.1991); United States v. Fuentes, 925 F.2d 1191, 1193 (9th Cir.1991).
 
 
 10
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3