**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Quintin L. BECK, Defendant–Appellant.**

**No. 92–30154.**

United States Court of Appeals,
Ninth Circuit.

Submitted April 2, 1993.*

Decided May 11, 1993.

Edward T. Block, Spokane, WA, for defendant-appellant.

Joseph H. Harrington, Asst. U.S. Atty., Spokane, WA, for plaintiff-appellee.

---

* The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34–4.

Before: CHOY, GOODWIN, and SKOPIL, Circuit Judges.

PER CURIAM:

Quintin L. Beck appeals his sentence imposed after pleading guilty to being a felon in possession of a firearm. He argues that the district court erred by departing upward from the applicable sentencing guideline range. We affirm the district court's decision to depart, but we vacate and remand for resentencing to allow the court to explain the extent of its departure.

## DISCUSSION

■ Beck argues that the district court erred by departing upward on the basis of juvenile sentences which were excluded from his criminal history category calculation. We conclude that the district court did not err in its decision to depart. Departure is permitted when "reliable information indicates that the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct." U.S.S.G. § 4A1.3. The guidelines allow an upward departure based on uncounted sentences when the sentences are "evidence of similar ... misconduct." U.S.S.G. § 4A1.2 comment. (n. 8). There is no dispute that Beck's juvenile offenses were similar to the instant offense. The district court was thus entitled to depart upward based on Beck's juvenile sentences. *See United States v. Thomas*, 961 F.2d 1110, 1116 (3rd Cir.1992); *United States v. Samuels*, 938 F.2d 210, 215 (D.C.Cir.1991). We agree with these circuits that have taken a common sense approach to criminal conduct and have held that in appropriate instances juvenile crimes may justify upward departures.

■ The district court sentenced Beck to 50 months' imprisonment, a departure from the applicable guideline range of 30 to 37 months, but gave no reason or justification for the extent of its departure. In such instances, we have vacated and remanded for resentencing to allow the court to give "a reasoned explanation of the extent of the departure founded on the structure, standards and policies of the Act and Guidelines."

*United States v. Lira-Barraza*, 941 F.2d 745, 751 (9th Cir.1991) (en banc). Generally, this means that "when a district court departs upward on the ground that a defendant's criminal history underrepresents the defendant's past criminal conduct, the degree of departure must be guided by analogy to higher criminal history categories." *United States v. Streit*, 962 F.2d 894, 905 (9th Cir.), *cert. denied*, —— U.S. ——, 113 S.Ct. 431, 121 L.Ed.2d 352 (1992). We recognize that when the defendant is already in the top criminal history category, analogy to undefined levels is difficult. Nevertheless, the district court should "follow some reasonable, articulated methodology consistent with the purposes and structure of the guidelines" to justify the degree of departure. *Id.* 962 F.2d at 906; *see also United States v. Todd*, 909 F.2d 395, 399 (9th Cir.1990) (remanding to allow district court to give reasons for its degree of departure).

**VACATED** and **REMANDED** for resentencing.