26 F.3d 134
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Patrick PRUDHOMME, Defendant-Appellant.
 No. 93-55949.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 24, 1994.*
Decided June 7, 1994.
 
 Before: HUG, D.W. NELSON, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Patrick Prudhomme appeals pro se the district court's denial of his 28 U.S.C. Sec. 2255 motion to vacate his sentence. Prudhomme contends that he is entitled to a maximum sentence of ten years and that the trial court failed to depart downward for mitigating circumstances. The district court found that Prudhomme's claims were without merit. We have jurisdiction pursuant to 28 U.S.C. Sec. 2255, and we review de novo the district court's decision on a 28 U.S.C. Sec. 2255 motion. United States v. Moore, 921 F.2d 207, 209 (9th Cir.1990). We affirm.
 
 
 3
 Prudhomme contends that he is entitled to a maximum sentence of ten years. This contention lacks merit.
 
 
 4
 Prudhomme was indicted by a federal grand jury sitting in San Diego, California, on 16 March 1989. On 14 May 1990, Prudhomme pleaded guilty to: (1) one count of conspiracy to manufacture methamphetamine and to possess methamphetamine with intent to distribute, in violation of 21 U.S.C. Secs. 846, 841(a)(1); and (2) three counts of distribution of methamphetamine, in violation of 21 U.S.C. Sec. 841(a)(1). Prudhomme was sentenced to 168 months in custody and four years of supervised release. Depending on the amount of methamphetamine involved, the statutory maximum for violations of 21 U.S.C. Sec. 841(a), similar to Prudhomme's, ranges from twenty years to life. See 21 U.S.C. Sec. 841(b). Thus, Prudhomme was not sentenced above the statutory maximum.
 
 
 5
 To the extent that Prudhomme argues that he was convicted of violations of 21 U.S.C. Sec. 841(d) and that, therefore, he should have been sentenced under U.S.S.G. Sec. 2D1.11, we conclude he is incorrect. Prudhomme pleaded guilty to violations of 18 U.S.C. Secs. 841(a)(1) and 846. Section 841(d) entered into effect on 18 March 1989, two days after Prudhomme was indicted. See Anti-Drug Abuse Act of 1988, Pub.L. 100-690, Sec. 6055, 102 Stat. 4318. Thus, Prudhomme could not have been, and was not, convicted of violating 18 U.S.C. Sec. 841(d). Furthermore, U.S.S.G. Sec. 2D1.11 did not enter into effect until 1 November 1991, and is not retroactive. See United States v. Foster, 985 F.2d 466, 407 (9th Cir.), partial reh'g granted on other grounds, 995 F.2d 881 (9th Cir.1993), amended, 17 F.3d 1256 (9th Cir.1994).
 
 
 6
 Next, Prudhomme contends that trial court should have given him a downward departure for mitigating circumstances. We, however, have no jurisdiction to review a district court's discretionary decision not to depart downward from the applicable guideline sentencing range. United States v. Mun, 928 F.2d 323, 324 (9th Cir.1991); United States v. Fuentes, 925 F.2d 1191, 1193 (9th Cir.1991); United States v. Morales, 898 F.2d 99, 102-03 (9th Cir.1990). Moreover, we considered and rejected a similar argument on direct appeal. See United States v. Prudhomme, No. 91-50236, unpublished memorandum disposition (9th Cir. Jan. 22, 1992).
 
 
 7
 Because the motion and record conclusively shows that Prudhomme is not entitled to relief, the district court did not err in denying Prudhomme's request for an evidentiary hearing. See Moore, 921 F.2d at 211. Accordingly, we affirm the district court's denial of Prudhomme's section 2255 motion.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3