47 F.3d 1177
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Edgar MALDONADO, Defendant-Appellant.
 No. 94-50160.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 15, 1995.*
Decided Feb. 24, 1995.
 
 Before: SCHROEDER, CANBY and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Edgar Maldonado appeals the sentence of 135 months imposed following his plea of guilty to possession with intent to distribute cocaine in violation of 21 U.S.C. Sec. 841(a)(1). Maldonado claims the district court erred by sentencing him on the basis of cocaine seized from his codefendant's garage as well as cocaine seized from a van he drove. We have jurisdiction under 28 U.S.C. Sec. 1291 and we affirm.
 
 
 3
 "The government must prove facts relevant for sentencing by a preponderance of the evidence." United States v. Mun, 928 F.2d 323, 324 (9th Cir.1991) (citation omitted). We review for clear error a district court's factual determinations at sentencing. United States v. Blaize, 959 F.2d 850, 851 (9th Cir.), cert. denied, 112 S.Ct. 2954 (1992). A defendant may be sentenced on the basis of "reasonably foreseeable acts ... of others in furtherance of the jointly undertaken criminal activity." U.S.S.G. Sec. 1B1.3(a)(1)(B).
 
 
 4
 Here, Maldonado drove a van, which a codefendant had driven from a stash house, from a parking lot into a second codefendant's garage. Later, Maldonado drove the van from the garage to a shopping center, where he gave the keys to a third codefendant. Authorities who stopped the van seized 190 kilograms of cocaine from the back. A subsequent search of the second codefendant's garage revealed an additional 379 kilograms of cocaine wrapped and labeled like the cocaine seized from the van.
 
 
 5
 Maldonado argues that the district court erred by counting the cocaine authorities seized from the garage in calculating his base offense level. We disagree.
 
 
 6
 The circumstantial evidence that Maldonado drove the van to the garage and that the packages seized from the van were wrapped and labeled like those seized from the garage is sufficient to show by a preponderance that he transported all 569 kilograms in the van. Alternatively, the same evidence is enough to show that Maldonado could have reasonably foreseen that additional cocaine was stored in the garage. See Mun, 928 F.2d at 324; U.S.S.G. Sec. 1B1.3(a)(1)(B). There was no clear error. See Blaize, 959 F.2d at 851.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3