103 F.3d 141
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Rick CUNNINGHAM, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Rick CUNNINGHAM, Defendant-Appellant.
 Nos. 93-50429, 95-50399.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 4, 1996.*
Decided Nov. 19, 1996.
 
 1
 Before: BROWNING, THOMPSON, and THOMAS, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 Rick Cunningham is not entitled to a new trial.
 
 
 4
 Because Cunningham filed his new trial motion more than seven days after the jury found him guilty, the district court could examine only newly discovered, non-cumulative, relevant evidence. Fed.R.Crim.P. 33; United States v. Sarno, 73 F.3d 1470, 1507 (9th Cir.1995). Because Cunningham knew before or during trial that Robert Sobel had accused J.C. Miller, Edward Jamison, Stephen Gibbs, Paul Rapsorda, and Steve Rhambo of misconduct in unrelated cases, evidence of this misconduct is not newly discovered. (ER 91; SER 261-63; SER 279-81). After Cunningham's trial, Deputies Castorena and Hurtado accused Jamison, Rapsorda, and Miller of additional misconduct in other unrelated cases, but this evidence is merely cumulative of the impeachment evidence Cunningham possessed before or during trial.[1] Thus, the newly discovered evidence that William Wolfbrandt, Robert Taylor, and Gladys Marynowski behaved corruptly in unrelated cases is the only evidence that could have been the basis for Cunningham's new trial motion.
 
 
 5
 The newly discovered potentially impeaching evidence involving Wolfbrandt, Taylor, and Marynowski did not warrant a new trial. Even if this evidence rendered Wolfbrandt, Taylor, and Marynowski's testimony totally incredible, these potentially impeached witnesses did not provide the only evidence of an essential element of the government's case. See United States v. Davis, 960 F.2d 820, 825 (9th Cir.1992).
 
 
 6
 Most of Taylor's testimony was corroborated by other evidence. Tape recordings and the testimony of other law enforcement officials substantially corroborated Taylor's testimony about purchasing cocaine from the conspirators on August 2, 1989. (SER 39-41, 146-58, 193, 232.1-234). Similarly, wiretap recordings and testimonial evidence substantially corroborated Taylor's testimony about purchasing cocaine from the conspirators on September 1, 1989. (SER 195, 198.4-198.5, 437-38, 451-53, 513-17, 519-20, 522-24). FBI Agent Martin Schwarz testified about all of the wiretap calls that Taylor monitored. (SER 109, 117-117.1, 119-23, 124.2-124.3, 125-126.1, 173-74, 182-83).
 
 
 7
 Taylor's uncorroborated testimony was not evidence of an essential element of the government's case. Taylor testified that he spoke to Cunningham and Young on September 7 and September 26, 1989 about purchasing six kilos of cocaine. However, he never made the purchase, and the government did not include this planned sale in the indictment as an overt act of the conspiracy. Taylor also testified about his post-arrest interview of Jerry Cunningham. Nothing that Jerry Cunningham related to Taylor in the interview resulted in a charge in the indictment. He merely explained the meaning of several code words for cocaine.[2]
 
 
 8
 Wolfbrandt's testimony was subject to the same deficiencies. His testimony about monitoring the wiretap on the Miracle Cleaners' phone was cumulative. FBI Agent Schwarz testified about the eight calls Wolfbrandt monitored. (SER 140-41, 146-48, 149-50, 158, 624-25, 626). Wolfbrandt's testimony about surveilling Cunningham was not evidence of an essential element of the government's case. Because Wolfbrandt did not see the contents of the package Cunningham gave the unidentified man and law enforcement officials did not recover the package, the government did not charge this incident as an object of the conspiracy or as possession or distribution of cocaine.
 
 
 9
 FBI Agent Annette Andresen and Lieutenant Michael O'Hara substantially corroborated Marynowski's chain of custody testimony about the currency seized during the searches of the conspirator's residences. (SER 258-59, 299).
 
 
 10
 We reject Cunningham's argument that he should be granted a new trial to permit him to interpose an outrageous-government-conduct defense. He does not identify any newly discovered evidence indicating that a new trial offering this defense would probably result in his acquittal. See Sarno, 73 F.3d 1470, 1507 (9th Cir.1995) (requiring likelihood of acquittal). None of Cunningham's newly discovered evidence suggests that he was the target of government misconduct, and a defendant who is not the target of government misconduct may not raise an outrageous-government-conduct defense. See United States v. Bogart, 783 F.2d 1428, 1433 (9th Cir.), vacated on other grounds sub nom. United States v. Wingender, 790 F.2d 802 (9th Cir.1986).
 
 
 11
 Cunningham failed to argue in the district court that he should be granted a new trial to permit him to move for further discovery of Brady material. He may not raise this argument for the first time on appeal. See United States v. Smith, 905 F.2d 1296, 1302 (9th Cir.1990).[3]
 
 
 12
 We remand to permit the district court to correct the erroneous statement in the judgment and probation/commitment order that the jury convicted Cunningham on counts nineteen and twenty-two, and in other respects AFFIRM.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Cunningham suggests that Michael O'Hara, David Hendrix, and Anthony Baudino were accused of misconduct in unrelated cases. However, O'Hara, Hendrix, and Baudino are currently officers in good standing, and were officers in good standing when they investigated Cunningham. Cunningham has submitted no evidence to the contrary
 
 
 [2]
 Wolfbrandt's testimony about Jerry Cunningham's post-arrest interview was not evidence of an essential element of the government's case for the same reason
 
 
 [3]
 Cunningham's request for new counsel is procedurally barred. The Appellate Commissioner denied his motion to relieve appointed counsel, and a panel of this court denied his motion for reconsideration of the Appellate Commissioner's decision
 We decline to rule on Cunningham's claim that his appellate attorney's performance violated his Sixth Amendment right to effective assistance of counsel. We do not have a sufficient record on which to make this determination. See United States v. Birges, 723 F.2d 666, 670 (9th Cir.1984).