122 F.3d 1074
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Tommy CELAYA, Defendant-Appellant.
 No. 97-10005.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 25, 1997.**
Decided Sept. 4, 1997.
 
 Appeal from the United States District Court for the District of Arizona. Earl H. Carroll, District Judge, Presiding.
 Before SCHROEDER, FERNANDEZ, and RYMER, Circuit Judges.
 MEMORANDUM*
 Tommy Celaya appeals his sentence imposed following his conviction by guilty plea for assault upon a Native American on an Indian Reservation resulting in serious bodily injury, in violation of 18 U.S.C. § 1153 & 113(a)(6). We have jurisdiction pursuant to 28 U.S.C. 1291, and we affirm.
 Celaya first contends that the district court erred by assessing a two point enhancement for obstruction of justice because he did not coerce the victim into dropping the prosecution. We disagree.
 
 
 1
 We review factual findings made by the district court in the sentencing phase for clear error. See United States v. Sherwood, 98 F.3d 402, 414 (9th Cir.1996). USSG § 3C1.1 provides for a two-level increase "[i]f the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense." USSG § 3C1.1. (1996); see also United States v. Morales, 977 F.2d 1330, 1331 (9th Cir.1992). The type of conduct to which the enhancement applies includes "threatening, intimidating, or otherwise unlawfully influencing a co-defendant, witness or juror[.]" USSG 3C1.1, comment. (n.3). The government must prove facts relevant for sentencing by a preponderance of the evidence. See United States v. Mun, 928 F.2d 323, 324 (9th Cir.1991). A preponderance of the evidence is "a sufficient weight of evidence to convince a reasonable person of the probable existence of the enhancing factor." Id.
 
 
 2
 The district court did not clearly err in applying the enhancement. The government presented evidence indicating that on the afternoon of July 6, 1995, the victim signed a declination of prosecution form with the Bureau of Indian Affairs (BIA) criminal investigations unit. The victim later reported that Celaya threatened her with violence if she did not drop charges. She also stated that Celaya accompanied her to the BIA and stood in the hallway to ensure that she signed the form. Celaya denied that he had threatened the victim or was present at the time she dropped the charges. Instead, he claimed that on July 6th, 1995, he attended a fire training class from 8:00 a.m. until 4:00 p.m. The district court pointed out, however, that there was documentation showing Celaya was at the criminal investigator's office at 8:42 a.m. on July 6th (several hours before the victim dropped the charges) to report that he and the victim had reconciled and she would be dropping the charges. Based on the fact that Celaya was absent from his training class at 8:42 a.m, the court drew the reasonable inference that he was also absent from class during the time the victim was dropping the charges. Celaya submitted no evidence demonstrating he was in class the entire day. Accordingly, the district court did not clearly err in finding that Celaya had threatened the victim with further violence if she did not drop the criminal charges. See Sherwood, 98 F.3d at 414.
 
 
 3
 Celaya next claims that the district court erred by departing upward on the ground that his criminal history category did not adequately reflect the seriousness of his criminal conduct. We disagree.
 
 
 4
 We review a district court's decision to depart upwards for abuse of discretion. See United States v. Beasley, 90 F.3d 400, 402-03 (9th Cir.1996); see also United States v. Sablan, 114 F.3d 913, 916 (9th Cir.1997). Juvenile sentences can be considered at sentencing in determining the adequacy of the criminal history category if the juvenile adjudication is of a similar misconduct to the charged offense. See United States v. Beck, 992 F.2d 1008, 1009 (9th Cir.1993); see also United States v. Smallwood, 35 F.3d 414, 417 (9th Cir.1994).
 
 
 5
 Here, the district court noted that the presentence report did not consider defendant's juvenile conviction for assault with the intent to commit rape. The court further noted that Celaya's parole was subsequently revoked and that a second parole violator warrant. was issued thereafter. The court then treated the juvenile conviction as an adult conviction that would have added an additional three points to Celaya's criminal history thus increasing his guideline range to 63-78 months. The court then sentenced him to the upper term of 78 months based on his propensity for violence and, in particular, his history of assaulting his own family. Because the district court properly identified factors which took Celaya's case out of the "heartland" of the Guidelines and expressly relied on approved grounds for departure, the district court did not commit an abuse of discretion. See Sablan, 114 F.3d at 916.[1]
 
 
 6
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Celaya's contention that the district court erred by denying him a three-point offense level reduction for acceptance of responsibility pursuant to USSG § 3E1.1 is moot as he was in fact awarded the reduction