124 F.3d 213
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kevin E. EVERHART, Defendant-Appellant.
 No. 97-30010.
 United States Court of Appeals, Ninth Circuit.
 Submitted September 8, 1997.**
Filed September 15, 1997.
 
 Appeal from the United States District Court for the District of Oregon, D.C. No. CR-9500295-1-REJ; Robert E. Jones, District Judge, Presiding.
 Before HALL, BRUNETTI, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Kevin Eugene Everhart appeals his 46-month sentence following his guilty plea conviction to two counts of mailing a threatening communication in violation of 18 U.S.C. § 876. We have jurisdiction under 28 U.S.C. § 1291. We review for abuse of discretion, see Koon v. United States, 116 S.Ct. 2035, 2046-48 (1996); United States v. Rios-Favela, 118 F.3d 653, 655 (9th Cir.1997), and we affirm.
 
 
 3
 Everhart contends that the district court erred in departing upward from Criminal History Category IV to VI pursuant to U.S.S.G. § 4A1.3. This contention lacks merit.
 
 
 4
 An upward departure under section 4A1.3 "is warranted only when the criminal history category significantly under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit further crimes." United States v. Goshea, 94 F.3d 1361, 1364 (9th Cir.1996) (quotations omitted). In determining whether a departure is warranted under section 4A1.3, the court may consider a defendant's juvenile offenses, if they are evidence of similar or dissimilar but serious conduct. See U.S.S.G. § 4A1.3 comment. (backg'd); United States v. Beck, 992 F.2d 1008, 1009 (9th Cir.1993) (holding "that in appropriate instances juvenile crimes may justify upward departures"); see also United States v. Smallwood, 35 F.3d 414, 417 n. 8 (9th Cir.1994) (implying that juvenile convictions which are evidence of serious dissimilar criminal conduct may be considered in departing upward).
 
 
 5
 Here, the district court departed upward to criminal history category VI, finding that Everhart's criminal history category of IV "significantly under-represents the seriousness of the defendant's criminal history" and that there was a "likelihood that the defendant [would] commit further crimes." The district court based its finding that Everhart's criminal history category was under-representative on Everhart's juvenile 1984 convictions for two counts of sexual abuse. In addition, the district court found that there was a likelihood Everhart would commit further crimes because (1) Everhart committed the current crimes while incarcerated for a 1987 conviction for kidnapping and transportation of a minor for sexual purposes and (2) in both his 1984 and 1987 offenses, Everhart had groomed his victims "in a very highly calculated way and premeditated fashion." Giving the district court the "substantial deference" due, see Koon, 116 S.Ct. at 2046, we discern no abuse of discretion.
 
 
 6
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3