125 F.3d 859
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ruben JIMENEZ-JAIMES, Defendant-Appellant.
 No. 97-10031.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 22, 1997.**
Decided Sept. 26, 1997.
 
 Appeal from the United States District Court for the Eastern District of California, No. CR-95-00415-WBS; William B. Shubb, District Judge, Presiding.
 Before: HALL, BRUNETTI and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Ruben Jimenez-Jaimes appeals his sentence for possessing false alien registration receipt cards and being an illegal alien in possession of a firearm. We affirm.
 
 
 3
 The district court calculated Jimenez-Jaimes' sentence for illegal firearms possession pursuant to U.S.S.G. 2K2.1(c)(1)(A), which provides that if a firearm is used in the commission of another offense, the court shall apply the offense level for the other offense if the resulting offense level is greater. Jimenez-Jaimes used the firearm in the commission of an aggravated assault. Because the offense level for aggravated assault is greater than for illegal firearms possession, the district court applied the offense level for aggravated assault.
 
 
 4
 Jimenez-Jaimes contends that the district court erred in applying the offense level for aggravated assault because he was previously convicted in state court on assault charges arising from the same conduct. We disagree. Jimenez-Jaimes' prior state conviction does not bar the application of section 2K2.1(c)(1)(A). See United States v. Mun, 928 F.2d 323, 323-24 (9th Cir.1991) (construing former U.S.S.G. § 2K2.1(c)(2), predecessor to U.S.S.G. § 2K2.1(c)(1)(A)).
 
 
 5
 Jimenez-Jaimes also contends that the district court should have departed downward on account of his prior state conviction. "We lack jurisdiction to review a district court's discretionary refusal to depart downward from the Guidelines." See United States v. Webster, 108 F.3d 1156, 1158 (9th Cir.1997) (citation omitted).
 
 
 6
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3