Steven Rex ROGERS, Petitioner—
Appellant,

v.

George M. GALAZA, Warden,
Respondent—Appellee.

No. 02–55337.

D.C. No. CV–00–09901–DT.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 5, 2003.

Decided Jan. 14, 2004.

Verna J. Wefald, Pasadena, CA, for Petitioner–Appellant.

Peggie Bradford Tarwater, Jaime L. Fuster, AGCA–Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

Before HUG, B. FLETCHER, and WARDLAW, Circuit Judges.

MEMORANDUM *

California state prisoner Steven Rex Rogers appeals the district court's denial of his 28 U.S.C. § 2254 habeas petition challenging his conviction for selling a substance in lieu of a controlled substance in violation of California Health and Safety Code § 11355. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253 and affirm.

Because Rogers filed his federal habeas petition after April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") applies. See 28 U.S.C. § 2254; Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). Under AEDPA, federal courts may grant a writ of habeas corpus only if the state court ruling "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). The California Supreme Court denied review of Rogers' habeas petition without comment. This court must therefore "look through" the unexplained California Supreme Court decision to the last reasoned decision, the California Court of Appeal's decision, as the basis for the state court's judgment.

*Shackleford v. Hubbard,* 234 F.3d 1072, 1079 n. 2 (9th Cir.2000).

The California Court of Appeal impliedly rejected Rogers' claim of outrageous government conduct on the merits when it refused his request to expand or modify the state's objective entrapment test and found sufficient evidence to support the jury's finding that "[Officer] Medina's actions and statements were not overbearing or otherwise 'likely to induce a normally law-abiding person to commit the offense.'" Because the decision of the California Court of Appeal was neither contrary to controlling United States Supreme Court authority nor an unreasonable application of the law and facts, we affirm the district court order rejecting Rogers' claim of outrageous government conduct. See 28 U.S.C. § 2254(d).

The defense of outrageous government conduct is often pleaded, but is rarely successful. See United States v. Pemberton, 853 F.2d 730, 735 (9th Cir.1988) (per curiam). A constitutional violation occurs only if the government's conduct is so outrageous that it "shocks the conscience." United States v. Bogart, 783 F.2d 1428, 1438 (9th Cir.1986) (vacated and remanded as to defendant Wingender; see United States v. Wingender, 790 F.2d 802 (9th Cir.1986)). While the deputies clearly orchestrated an elaborate "ruse," we have previously held that the government may use "artifice and stratagem to ferret out criminal activity." Id. (quoting Sorrells v. United States, 287 U.S. 435, 441, 53 S.Ct. 210, 77 L.Ed. 413 (1932)). Therefore, despite the questionable conduct of the government, it does not rise to the level of outrageous government conduct.

█ The California Court of Appeal's rejection of Rogers' claim that the trial

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

court coerced the jury into returning a unanimous verdict in violation of his due process rights to an impartial jury and a fair trial is not contrary to, or an unreasonable application of, clearly established Supreme Court precedent. *See* 28 U.S.C. § 2254(d). Whether a trial court's comments and conduct infringe upon a defendant's due process rights depends upon whether the trial judge's inquiry "would be likely to coerce certain jurors into relinquishing their views in favor of reaching a unanimous decision." *Jiminez v. Myers*, 40 F.3d 976, 979 (9th Cir.1993) (quoting *Locks v. Sumner*, 703 F.2d 403, 406 (9th Cir.1983)). In analyzing an allegedly coercive charge, we look to four factors to structure the inquiry: "1) the form of the jury charge, 2) the amount of time of deliberation following the charge, 3) the total time of deliberation and, 4) other indicia of coerciveness or pressure." *Weaver v. Thompson*, 197 F.3d 359, 366 (9th Cir.1999).

The majority of the court's instructions were not problematic. While certain comments may have impliedly suggested that the judge would be pleased by a unanimous verdict, they certainly did not rise to the level of coercing jurors into abandoning their views in order to obtain unanimity. Furthermore, the amount of time of deliberation following the charge, five hours, strongly points towards a finding of no coercion. Such a lengthy period of deliberation after the instruction is a significant indication that the jurors were not coerced. *See United States v. Lorenzo*, 43 F.3d 1303, 1307 n. 3 (9th Cir.1995) (holding that supplemental charge was not coercive where jury requested testimony read-back and deliberated five and one half hours after the charge was given); *see also United States v. Beattie*, 613 F.2d 762, 766 (9th Cir.1980) (holding that three and a half hours of additional deliberation after receiving a supplemental charge was a sig-

nificant indication of no coercion). Moreover, the total time of deliberation and lack of other indicia of coerciveness or pressure suggest that the jurors were not coerced.

The California Court of Appeal's rejection of Rogers' claim that his sentence of 25 years to life under California's "three strikes" law violates the Eighth Amendment's prohibition against cruel and unusual punishment is not contrary to, or an unreasonable application of, clearly established Supreme Court precedent. *See* 28 U.S.C. § 2254(d). Rogers' argument is foreclosed by *Ewing v. California*, 538 U.S. 11, 123 S.Ct. 1179, 155 L.Ed.2d 108 (2003) (acknowledging broad discretion possessed by legislatures and holding that three-strikes sentence of 25 years to life for felony grand theft was not grossly disproportionate), and *Lockyer v. Andrade*, 538 U.S. 63, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003) (holding that state court's affirmance of two consecutive 25–years–to–life sentences for petty theft was not contrary to or an unreasonable application of clearly established federal law). The district court therefore properly denied Rogers' petition.

**AFFIRMED.**