UNITED STATES of America,
Plaintiff—Appellee,

v.

Ralph Douglas BELL, Defendant—
Appellant.

No. 03–50572.

D.C. No. CR–01–00731–DT–1.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 17, 2005.

Decided Sept. 6, 2005.

---

Ronald L. Cheng, Cheryl O'Connor Murphy, USLA—Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Cara Devito, Las Vegas, NV, for Defendant–Appellant.

Before KLEINFELD, WARDLAW, Circuit Judges, and COLLINS,* District Judge.

* The Honorable Raner C. Collins, United States District Judge for the District of Arizona, sitting by designation.

MEMORANDUM**

Ralph Douglas Bell was convicted by a jury of being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1). He appeals his conviction asserting that the government's use of the confidential informant was so shocking and outrageous as to violate Bell's due process rights and that there was insufficient evidence to show that he was predisposed to possess firearms. After initial briefing, Bell also challenged his sentence on Sixth Amendment grounds under *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). We affirm Bell's conviction and vacate and remand on the sentencing issue.

### Outrageous Government Conduct

■ The defense of outrageous government conduct is limited to extreme cases in which the government's conduct is "shocking to the universal sense of justice mandated by the Due Process Clause of the Fifth Amendment" and violates fundamental fairness. *United States v. Gurolla*, 333 F.3d 944, 950 (9th Cir.2003), *cert. denied*, 540 U.S. 995, 124 S.Ct. 496, 157 L.Ed.2d 395 (2003). Outrageous government conduct is a narrow category into which falls only the most intolerable government conduct. *See United States v. Bogart*, 783 F.2d 1428, 1434–35 (9th Cir.), *vacated as to one defendant, United States v. Wingender*, 790 F.2d 802 (9th Cir.1986). The government's use of the confidential informant in this case was virtually limited to the introduction of Special Agent John Carr to Bell. The most damaging evidence came as a result of Bell's direct interaction with Agent Carr. Therefore, the use of the confidential informant does not rise to the level of outrageous government conduct.

** This disposition is not appropriate for publication and may not be cited to or by the

### Sufficient Evidence of Predisposition

■ The defense of entrapment has two elements: (1) government inducement to commit the crime and (2) absence of predisposition on the part of the defendant to commit the crime. *United States v. Si*, 343 F.3d 1116, 1125 (9th Cir.2003); *See also United States v. Poehlman*, 217 F.3d 692, 698 (9th Cir.2000). Although entrapment, as a matter of law, is reviewed *de novo*, "we defer to the credibility findings made by the trial jury, unless 'viewing the evidence in the light most favorable to the government, no reasonable jury could have concluded that the defendant was neither induced nor predisposed to commit the charged offenses.'" *Si*, 343 F.3d at 1125 (quoting *United States v. Davis*, 36 F.3d 1424, 1430 (9th Cir.1994)). Bell presented evidence that he had no prior convictions for selling illegal firearms to prove that he was not predisposed to selling firearms. However, Bell himself testified that he did sell a gun to Agent Carr and engaged in conversations about participating in the robbery of a stash house. By his own testimony a reasonable jury could find that Bell was predisposed to be in possession of a firearm. Therefore, viewed in the light most favorable to the government, sufficient evidence was presented to rebut the entrapment defense.

### Plain Error under Blakely v. Washington

■ "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). The "statutory maximum" is the maximum

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant. *Blakely,* 124 S.Ct. at 2537. In other words, not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings. *Id.* The Sixth Amendment as construed in *Blakely* does apply to the Federal Sentencing Guidelines. *See United States v. Booker,* — U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

We know that the district court felt constrained by the guidelines and may have been inclined to grant Bell a lesser sentence. At sentencing, the court stated:

> "You know, I have done everything to minimalize the sentence in this case that I think I have for the discretion that's left in me as a federal judge—and they have taken everything away from us now—to impose a sentence which I think is a meaningful appropriate sentence in this case."

Therefore it is clear that defendant has suffered prejudice and the sentence should be vacated and remanded to the district court for resentencing.

CONVICTION AFFIRMED AND REMANDED.

KLEINFELD, Circuit Judge, concurring.

I concur in the result. I do not believe that the majority's discussion of *Apprendi v. New Jersey,*[1] *Blakley v. Washington,*[2] and *United States v. Booker*[3] is correct,

but my disagreement does not affect the result.

---

1. *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

2. *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).

3. *United States v. Booker,* — U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).