MEMORANDUM **
Laquain Vershon Wiggs appeals from the 30-month sentence imposed following his guilty-plea conviction for being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
Wiggs contends that the sentence is substantively unreasonable in light of the district court’s upward departure based on the fact that his criminal history category underrepresents his criminal history. Wiggs further contends that the district court did not adequately explain its decision to upwardly depart. The record reflects that the district court did not procedurally err at sentencing. See United States v. Carty, 520 F.3d 984, 992-93 (9th Cir.2008) (en banc). Moreover, in light of the totality of the circumstances, the sentence is not substantively unreasonable. See id. at 993; see also United States v. Tankersley, 537 F.3d 1100, 1113-14 (9th Cir.2008); United States v. Beck, 992 F.2d 1008, 1009 (9th Cir.1993) (per curiam) (holding that the district court was entitled to depart upward based on similar juvenile offenses); United States v. Martinez-Gonzalez, 962 F.2d 874, 877 (9th Cir.1992) (noting that the use of aliases during arrests may justify an upward departure on the basis of underrepresented criminal history).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.