**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   16-50363 |
| Plaintiff-Appellee, | D.C. CR No. 13-511-SJO-2 |
| v. | |
| YOUVAL GERINGER-GANOR, AKA Mike, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Argued and Submitted February 4, 2019
Pasadena, California

Before:  GOULD and NGUYEN, Circuit Judges, and BENITEZ,** District Judge.

Youval Geringer-Ganor appeals his jury convictions for conspiracy to commit money laundering, conspiracy to distribute and possess with intent to distribute cocaine, and money laundering.  We affirm.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Roger T. Benitez, Senior United States District Judge for the Southern District of California, sitting by designation.

First, the district court properly denied Geringer-Ganor's motions to dismiss the indictment due to outrageous government conduct. The outrageous government conduct doctrine is "an 'extremely high standard'" that is "'limited to extreme cases' in which the defendant can demonstrate that the government's conduct 'violates fundamental fairness' and is 'so grossly shocking and so outrageous as to violate the universal sense of justice.'" *United States v. Black*, 733 F.3d 294, 302 (9th Cir. 2013) (quoting *United States v. Garza-Juarez*, 992 F.2d 896, 904 (9th Cir. 1993); *United States v. Stinson*, 647 F.3d 1196, 1209 (9th Cir. 2011)). The record does not support such a finding. The government's infiltration of the existing money laundering organization and provision of the cash and drugs Geringer-Ganor used to conduct the money laundering operation do not amount to outrageous government conduct. *See id.* ("It is not outrageous . . . to infiltrate a criminal organization, to approach individuals who are already involved in or contemplating a criminal act, or to provide necessary items to a conspiracy."). Moreover, as tested by the six factors set forth in *Black*, the government's actions did not amount to outrageous government conduct.

Second, the district court did not commit plain error by failing to make findings of fact about the government's motivations. Even without the benefit of the district court's factual findings, this court affirms based on the evidence at trial because the government's conduct is straightforward. *See United States v. Bogart*,

783 F.2d 1428, 1434 (9th Cir. 1986), *vacated in part on other grounds sub nom.*

*United States v. Wingender*, 790 F.2d 802 (9th Cir. 1986) ("Of course, there may

be occasions when the factual nature of the government's conduct is not disputed,

or, perhaps, is very obvious or straightforward. Then, an appellate court may be

able to resolve the appeal without the benefit of findings of fact by the district

court.").

Finally, the district court did not err by declining to give a dual role jury

instruction regarding the testimony of two undercover agents. A dual role

instruction was not required because the agent witnesses testified as lay witnesses,

not experts, and personally participated in the investigation. *See, e.g.*, *United

States v. Barragan*, 871 F.3d 689, 704 (9th Cir. 2017) ("An agent's 'interpretations

of ambiguous conversations based upon his direct knowledge of the investigations'

are 'lay testimony.'") (quoting *United States v. Freeman*, 498 F.3d 893, 904-05

(9th Cir. 2007)). Further, even if the district court's failure to give a dual role

instruction was error, the error was harmless because Geringer-Ganor does not

dispute the agents' testimony regarding the interpretations of the coded terms or

their conversations.

**AFFIRMED**.