NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 29 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MATTHEW MCBRAUN, AKA Debo,

Defendant - Appellant.

No. 24-7309

D.C. No.
1:22-cr-00099-JMS-1

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Hawaii
J. Michael Seabright, District Judge, Presiding

Submitted June 25, 2026[**]
Honolulu, Hawaii

Before:     N.R. SMITH, MILLER, and JOHNSTONE, Circuit Judges.

Matthew McBraun appeals the imposition of his 96-month sentence for drug

possession and distribution convictions under 21 U.S.C. § 841(a)(1) and

§ 841(b)(1)(C).  We have jurisdiction under 8 U.S.C. § 1291.  We affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

1.      Assuming *arguendo* that McBraun's claim that acquitted-conduct sentencing is inappropriate as a matter of law was preserved, his arguments are nonetheless foreclosed by binding Supreme Court and Ninth Circuit precedent. *See United States v. Watts*, 519 U.S. 148, 154, 156–57 (1997) (per curiam) (foreclosing McBraun's Double Jeopardy Clause and due process violation arguments); *United States v. Mercado,* 474 F.3d 654, 657–658 (9th Cir. 2007) (foreclosing McBraun's Sixth Amendment argument); *see Irizarry v. United States*, 553 U.S. 708, 714 (2008) (foreclosing McBraun's "impermissible factor" argument); *United States v. Collazo*, 984 F.3d 1308, 1329 (9th Cir. 2021) (en banc) (foreclosing McBraun's strict liability argument).

2.      "We review factual findings made at the sentencing phase for clear error." *United States v. Holmes*, 163 F.4th 547, 575 (9th Cir. 2025). Having reviewed the record of the trial, the district court did not clearly err, because there is "a sufficient weight of evidence to convince a reasonable person" that McBraun's distribution of narcotics was the but-for cause of and a contributing factor to Tyler Orso-DeLima's overdose death. *United States v. Mun*, 928 F.2d 323, 324 (9th Cir. 1991) (per curiam) (citation omitted).

**AFFIRMED.**